

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 14, 1939

Honorable L. A. Woods
State Superintendent
Department of Education
Austin, Texas

Dear Mr. Woods:

Opinion No. O-630
Re: In the view of the
passage of S. B. No.
117, is it necessary
to pass S. B. No. 118?

We are pleased to reply to your letter of April 12, 1939, addressed to the Attorney General, which reads as follows:

"S.B.No. 117 by Senator Aiken has been passed by the Senate, and is now before the House of Representatives for consideration. There has been introduced in the Senate a companionate bill, known as S.B.No. 118, which has to do with amending Article 7043, R.C.S. in regard to the $17.50 per capita limitation.

"Question has arisen among the school men and Senator Aiken as to whether or not S.B.No. 117 covers all the ground, thereby making it unnecessary to pass S.B.No. 118. If S.B.No. 117 does not sufficiently cover the ground, could it be amended in such a way as to repeal that portion of Article 7043, R.C.S. referring to the $17.50 limitation?"

S. B. No. 117, as stated in the bill, is an amendment of Article 2665 of the Revised Civil Statutes of Texas. The first paragraph thereof is identical to Article 2665. The second paragraph reads as follows:

"In arriving at the amount to be apportioned, the State Board of Education

shall determine the cost of operating schools
for a six (6) months period, taking into con-
sideration the estimate of current costs, in-
cluding the cost of general control, instruct-
ion, operation, maintenance, fixed charges,
auxiliary agencies, and interest on short term
loans; all items to be calculated on a minimum
program of education set up by the State Board.
When such opportionment per pupil has been fix-
ed, same shall be certified by the secretary of
the Board and filed with the Equalization Tax
Board to be used by the Tax Board in fixing the
rate of State ad valorem taxes for school pur-
poses that will provide sufficient funds to
maintain the public schools of Texas for a per-
iod of not less than six (6) months"

The above paragraph directs the State Board of Educa-
tion to determine annually the per capita apportionment of
the available school fund without limitation as to amount.

Article 7043, Revised Civil Statutes, 1925, as amended
by Acts 1931, 42d Legislature, Second Called Session, page 53,
Chapter 32, provides in part:

"* * *In calculating the rate to be col-
lected for public free school purposes, said
Board shall take into consideration the num-
ber of children in the State within the scholas-
tic age, to be determined from the most recent
official school census; and shall fix a rate
that will yield and produce for such fiscal
year Seventeen and One-half ($17.50) Dollars
per capita for all the children within the
scholastic age, as shown by said scholastic
census; provided, the rate so fixed for any
year shall never exceed the rate fixed by law."

Attorney General William McCraw, in a letter opinion,
addressed to the Honorable Ben F. Tisinger, President of the
State Board of Education, under date of May 13, 1937, con-
strued this part of Article 7043 so as not to prohibit the
State Board of Education from making a supplemental appropria-
tion which would bring the total per capita apportionment for
the year in excess of $17.50, "if in the sound discretion of
the Board the balance on hand in the Available School Fund
justifies such action."

Without passing upon the construction of the $17.50 provision of Article 7043 in this opinion, we believe that it is not repealed by S. B. No. 117. As stated by Judge Phillips in Cole vs. State, 170 S.W. 1036:

"Repeals by implication are never favored. Laws are enacted with a view to their permanence, and it is to be supposed that a purpose on the part of the law-making body to abrogate them will be given unequivocal expression. Knowledge of an existing law relating to the same subject is likewise attributed to the Legislature in the enactment of a subsequent statute; and when the later act is silent as to the older law, the presumption is that its continued operation was intended, unless they present a contradiction so positive that the purpose to repeal is manifest. To avoid a state of conflict an implied repeal results where the two acts are in such opposition. But the antagonism must be absolute -- so pronounced that both cannot stand."

The same rule of statutory construction is laid down in the following quotation from the opinion of the Texas Supreme Court by Gaines, C. J. in Gaddis vs. Terrell, 110 S.W. 429:

"The repealing section of the act last cited is as follows: 'All laws and parts of laws in conflict with the provisions of this Act are hereby repealed'. Laws 1905 p 166 c. 108. It is clear that there is no express repeal; that is, the provision in question is not directly pointed out as expressly repealed. But since the effect of a general provision repealing conflicting laws evinces that the Legislature had in mind something that was to be repealed, the 'courts will be less inclined against recognizing repugnancy in applying such statutes, while, in dealing with those of the other class, they will, as principle and authority requires, be astute to find some reasonable mode of reconciling them with prior statutes so as to avoid a repeal by implication'. Sutherland Stat. Const. p 199. But even with such a provision repealing all conflicting laws,



the courts must find a repugnancy between the old provision and the new before they can find that the latter repeals the former."

See also: Fortinberry vs. State (Com. App.) 283 S.W. 146; San Antonio & A. P. Ry. Co. v. State (Com. App) 95 S.W. (2d) 680; Townsend v. Terrell, 16 S.W. (2d) 1063.

It is our opinion that such repugnancy does not exist between Article 7043 and S. B. No. 117 which would, under the above cited rule of statutory construction, lead to the conclusion that the latter bill repeals by implication the $17.50 provision of Article 7043. Nor would the addition of the clause "All laws and parts of laws in conflict with the provisions of the Act are hereby repealed" to S. B. 117 have such an effect under the rule announced by the Texas Supreme Court in Gaddis vs. Terrell, supra. S. B. No, 117 would have to refer specifically to the provision intended to be repealed in order to effectuate such a purpose.

We submit, however, that statutory clarity would be better served if, instead of repealing the $17.50 provision in Article 7043 by means of a provision in an amendment to Article 2665 (i.e. S.B.No.117) it be done by a direct amendment of Article 7043 (as by S.B.No.118). S.B.Nos, 117 and 118 are most properly considered as companion bills, designed together to attain a single purpose.

We would like to suggest a correction in S. B. 117: That in line 31 thereof, "Equalization Tax Board" be changed to read "Automatic Tax Board."

We hope that the above opinion will help to clarify the questions submitted in your letter of April 12th.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Walter R. Koch*

Walter R. Koch
Assistant

WRK-MR
APPROVED:

*ATTORNEY GENERAL OF TEXAS*